IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALFONZO JERMONT ALLEN,

                      ORDER

        Petitioner,

                      08-cv-577-slc[1]

    v.

TOM DALBEC and
J. RUIKKA,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Alfonzo Jermont Allen is incarcerated at the Douglas County jail in Superior, Wisconsin. In this proposed civil rights action, petitioner contends that respondents Tom Dalbec and J. Ruikka are violating his right of access to the courts by failing to provide "a full law library" for use in defending himself in a criminal case.

Petitioner seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order, I concluded that petitioner was indigent and I directed him to make an initial

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

partial payment, which the court has received. Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Having reviewed petitioner's complaint, I conclude that he has failed to state a claim upon which relief may be granted. He alleges that he needs to do research because he is a criminal defendant in case no. 06-CF-312, which Wisconsin's Circuit Court Access Program shows is a drug felony case. However, petitioner does not need to do his own legal research because criminal defendants in felony cases have a Sixth Amendment right to counsel. Gideon v. Wainwright, 372 U.S. 335 (1963).

Petitioner alleges that he wishes to represent himself in his criminal case. That is his right, Faretta v. California, 422 U.S. 806, 835 (1975), but once he makes that choice he has forfeited any other right to have the government assist him with his criminal defense. "[W]hen a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access to a law library. . . . The rule is that he has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (citations omitted). Because that is exactly what petitioner is alleging in this case,

2

his claim cannot succeed.

## ORDER

IT IS ORDERED that

1. Petitioner Alfonzo Jermont Allen's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of petitioner's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from petitioner's trust fund account until the filing fee has been paid in full.

Entered this 24th day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge